IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cr-121-WHA |
| | ) | (wo) |
| MARCUS ATWAN JENKINS | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Marcus A. Jenkins filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). *See* Doc. 826. Pursuant to 28 U.S.C. § 636(b)(1) this matter was originally referred to the United States Magistrate Judge for development of the issues related to the motion. *See* Doc. 827. The United States filed its response on October 19, 2016. *See* Docs. 829-831. Jenkins had the opportunity to file a reply on or before November 9, 2016. *See* Doc. 832. To date, no reply has been filed.

**I.   BACKGROUND**

On May 29, 2008, Defendant Jenkins was charged in a seven-count indictment *See* Doc. 1. A grand jury returned a fifty-two count superseding indictment on June 20, 2008 naming Jenkins and other co-defendants. *See* Soc. 8. Defendant Jenkins entered into a plea agreement October 3, 2008. *See* Doc. 308. By pleading guilty to Count 1 of the Superseding Indictment, the remaining counts of the Superseding Indictment were dismissed. *Id.*

Within the plea agreement, Defendant Jenkins agreed to the following:

a. To plead guilty to Count 1 of the Superseding Indictment.
b. Not commit any State, local or federal offenses.
c. At sentencing, defendant specifically agrees to waive any and all arguments pursuant to Kimbro v. United States and/or United States v. Booker regarding sentencing disparity between cocaine base (or "crack") and powder cocaine. In short, the

      defendant specifically agrees to be sentenced pursuant to the United States Sentencing Guidelines.
   d. To forfeit any and all contraband including firearms and elicit assets derived from criminal activity during the course of this conspiracy.
   e. Comply with the Cooperation Agreement.

*See* Doc. 308.

Defendant Jenkins agreed to fully cooperate and testify against others when called upon to do so by law enforcement officers and attorneys for the United States. *Id.* In addition, the Defendant waived his right to appeal his sentencing pursuant to 18 U.S.C. § 3742. *Id.*

## II.  LAW AND DISCUSSION

No clear guidance exists as to whether Jenkins' motion should be analyzed under 18 U.S.C. § 3582(c) or treated as a motion for relief under 28 U.S.C. § 2255. *See* Doc. 832. Under 18 U.S.C. § 3582(c), the Motion to Reduce Sentence fails because Amendment 794 is not retroactive and therefore, a reduction of sentence pursuant to § 3582(c)(2) is not applicable.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. U.S.*, 560 U.S. 817, 819, 130 S. Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(c)). However, there is an exception to that rule in which a defendant's sentence may be reduced only when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The court may reduce the term of imprisonment, after considering the factors set out in section 3553(a). *Id.* Under the statute, a reduction is only allowed when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *See Dillon,* 560 U.S. at 819, 130 S. Ct. at 2687. Because Amendment 794, which modifies the mitigating role guidelines in U.S. Sentencing Guidelines Manual § 3B1.2, is not designated

as retroactive in § 1B1.10(d), and therefore may not serve as a basis for sentence reduction, the Defendant's request for relief is impermissible. *See United States v. Hunley,* 2016 WL 4523417, *2, 2016 U.S. Dist. LEXIS 115075, *1-2 (W.D. Va. Aug. 26, 2016) (C.J. Conrad).

On November 1, 2015, Amendment 794 became effective. U.S. SENTENCING GUIDELINES MANUAL App. C (U.S. SENTENCING COMM'N 2016). The Sentencing Commission stated that Amendment 794 is intended only as a clarifying amendment. *Id.* (Reason for Amendment.) Amendment 794 sets out guidelines for the determination of whether a defendant should be granted a mitigating role reduction under U.S. SENTENCING GUIDELINES MANUAL § 3B1.2. Jenkins was sentenced on May 7, 2009, prior to the effective date of Amendment 794 on November 1, 2015. "[Section] 3582(c)(2) is only triggered by an amendment listed in U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d)." *United States v. Harlie,* 2017 WL 78576, *1, 2017 U.S. Dist. LEXIS 4522, *1 (S.D. Ga. Jan. 1, 2017). Amendment 794 is not a listed amendment in U.S.S.G. §1B1.10(d) and therefore, *not* retroactive. *Id.* (emphasis added). Because Amendment 794 is not retroactively applicable, Jenkins' request for a reduction under § 3582(c)(2) pursuant to this amendment is not legally valid and must therefore be denied. *See Hunley*, 2016 WL 4523417 at *2, 2016 U.S. Dist. LEXIS at *2.

Alternatively, even if the Court were to construe his motion as a request for relief under 28 U.S.C. § 2255, Jenkins would be entitled to no relief. Such a motion would be a successive § 2255 motion filed without the required appellate court permission.

On April 29, 2010,[1] Jenkins filed a 28 U.S.C. § 2255 motion attacking his conviction and sentence. *See Jenkins v. United States,* Civ. Act. No. 2:10-cv-377-WHA, Doc. 1. On June 19,

---

[1] The motion was received and docketed on May 3, 2010. *See* Doc. 1.

2012, this Court denied that § 2255 motion and dismissed with prejudice. *Id*. at Docs. 15, 17. and 18. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case indicate that Jenkins has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, if Jenkins' instant motion is construed as a motion for relief under 28 U.S.C. § 2255, this court would lack the jurisdiction to consider the motion, and the motion would be subject to summary dismissal on this ground.

Finally, and again alternatively, even if not barred as a successive § 2255 motion, Defendant's request still fails as the same analysis articulated under 18 U.S.C. § 3582(c) applies.

In sum, the Court finds that the proper forum for this motion is in the original criminal

case (2:08-cr-121-WHA) pursuant to 18 U.S.C. § 3582(c). But, even if more appropriately reviewed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the motion still fails and merits denial.

### III.  CONCLUSION

Accordingly, Defendant Marcus Jenkin's *Motion to Reduce Sentence* (Doc. 826) is ORDERED DENIED.

DONE this 28th day of March, 2017.

/s/ W. Harold Albritton
W. Harold Albritton
Senior United States District Judge